UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARA KRIEG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11cv2203 |
| ) | |
| ALL CLEAN RESTORATION SERVICES, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Strike Plaintiff's Expert Disclosure and Exclude the Trial Testimony of Expert Michael A. Burns (ECF No. 16). The Court construes Plaintiff's Memorandum of Law and Response to Defendant's Motion to Strike Plaintiff's Expert Disclosure and Exclude the Trial Testimony of Expert Michael A. Burns (ECF No. 20) as a motion to amend the case management order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to amend the case management order is **GRANTED**, and Defendant's Motion to Strike Plaintiff's Expert Disclosure and Exclude the Trial Testimony of Expert Michael A. Burns is **DENIED**.

**IT IS FURTHER ORDERED** that the following schedule shall apply in this case, and will be modified only upon a showing of exceptional circumstances:

    **I.    SCHEDULING PLAN**

    1.    This case has been assigned to Track 2 (Standard).

    2.    Disclosure shall proceed in the following manner:

(a) Plaintiff shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **December 10, 2012**, and shall make expert witnesses available for depositions, and have depositions completed, no later than **January 10, 2013**.

(b) Defendant shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **February 11, 2013**, and shall make expert witnesses available for depositions, and have depositions completed, no later than **March 11, 2013**.

(c) The presumptive limits of ten (10) depositions per side as set forth in Rule 30(a)(2)(A), Fed.R.Civ.P., and twenty-five (25) interrogatories per party as set forth in Rule 33(a), Fed.R.Civ.P., shall apply.

(d) Requests for physical or mental examinations of parties pursuant to Rule 35, Fed.R.Civ.P., are not anticipated.

(f) The parties shall complete <u>all</u> discovery in this case no later than **March 30, 2013**.

(g) Motions to compel shall be pursued in a diligent and timely manner.

3. This case shall be referred to alternative dispute resolution on **February 1, 2013**, and that reference shall terminate on **March 15, 2013.**

4. Any motions to dismiss, motions for summary judgment, motions for judgment on the pleadings, or, if applicable, any motion to exclude testimony pursuant to <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) or <u>Kuhmo Tire Co. Ltd. v. Carmichael</u>, 526 U.S. 137 (1999), must be filed no later than **April 15, 2013**. Any response shall be filed no later than **May 15, 2013**. Any reply shall be filed no later than **May 25, 2013.**

**II.     ORDER RELATING TO TRIAL**

This action is set for a **JURY** trial on **July 29, 2013**, at 9:00 a.m.  This is a **2** week docket, and the parties are expected to be ready and available for trial on the first day of the docket and thereafter on twenty-four hours notice.

**In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty (20) days prior to the date set for trial:**

1.      **Stipulation:** Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire).

2.      **Witnesses:**

(a)     Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

(b)     Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

3.      **Exhibits:**

(a)     Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft.-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced.  The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed.R.Evid. 902(11) or 902(12).

(b) Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed.R.Evid. 902(11) or 902(12), to opposing counsel for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

(c) Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order. Any objections not made in writing by the time of the final pretrial conference may be considered waived.

4. **Depositions, Interrogatory Answers, and Request for Admissions:**

(a) Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence. Before the time of the final pretrial conference, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

(b) Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. Any objections not made as above required may be considered waived.

5. **Motions in Limine**: Parties shall file all motions in limine to exclude evidence at least ten (10) days before trial.

6. **Final Pretrial Conference:** A final pretrial conference is set for **July 25, 2013 at 1:30pm** in the courtroom of the undersigned. Before the final pretrial conference, each party shall

submit to the Court and to opposing counsel their written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions in light of the opposing party's requests for instructions. (Each request must be supported by at least one pertinent citation.)

Dated this 30th day of November, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE